Hillsborough, }
  June, 1899. }

CUTLER v. CONCORD & MONTREAL RAILROAD.

The exclusion of evidence tending to prove only a fact that was conceded at the trial is not error.

A verdict will not be set aside for the exclusion of evidence unless it appears that the evidence was material.

CASE, for negligence. Verdict for the defendants. The plaintiff's evidence tended to show that while intoxicated he was injured by the failure of the defendants' servants properly to care for his safety after accepting him as a passenger, with knowledge of his condition.

Besides other evidence tending to establish the fact of intoxication, the plaintiff offered to prove the purchase of beer by him shortly before the accident, at a restaurant in the defendants' passenger station at Manchester kept by one Twombly under lease from the defendants. The plaintiff claimed that the fact that intoxicants were there sold imposed additional duties upon

the defendants in the care of intoxicated persons who became so in whole or in part from such sales. The evidence was admitted for the purpose of showing the plaintiff's condition, but was excluded for the purposes set forth, and also for the reason that it was too remote, and the plaintiff excepted. There was no question that the defendants' servants were fully informed of the plaintiff's condition.

*David W. Perkins, Taggart & Bingham,* and *James F. Briggs,* for the plaintiff.

*Oliver E. Branch* and *William H. Sawyer,* for the defendants.

PARSONS, J. The finding of the court, that the excluded evidence had no legitimate bearing in the case for the purposes for which the plaintiff claimed to use it because of remoteness, presents no question of law. *Pritchard* v. *Austin, ante, p.* 367, and cases cited. Evidence that intoxicants were sold the plaintiff in the defendants' passenger station had some tendency to prove that the plaintiff was intoxicated, and that the defendants' servants knew or ought to have known of such intoxication. Upon these questions it was material and competent. Upon the first question the evidence was admitted and the plaintiff had the benefit of it. No question was made that the defendants' servants were fully informed of the plaintiff's condition. Further evidence upon a point that is conclusively established or admitted is superfluous and immaterial. A verdict will not be set aside for the exclusion of evidence to a point already conclusively proved. *Litchfield* v. *Londonderry,* 39 N. H. 247, 254. The plaintiff was not prejudiced by the exclusion of evidence tending merely to establish a point the truth of which was conceded.

The exception to the exclusion of this evidence has been argued upon the ground that the plaintiff was thereby prevented from showing that the defendants maintained a nuisance in the station and were guilty of an indictable offence therein. Assuming this to have been the effect of the ruling, the verdict cannot be disturbed, for it does not appear that the fact of the defendants' alleged violation of law was material upon any issue in the case. *Putnam* v. *Osgood,* 52 N. H. 148, 153. If the evidence tended to establish that the plaintiff's condition was caused in part by the defendants' violation of law, and would have been competent if the cause of the plaintiff's intoxication had been in issue, its exclusion was not error, because the case presented no such question. The plaintiff did not claim the defendants were liable because their unlawful acts enabled him to secure the means of his intoxication, but put his case upon

the ground that, knowing his intoxication, they did not properly care for him as a passenger. This was the issue tried, and upon this issue the cause of the plaintiff's condition was immaterial. Neither does it appear to have been claimed that lack of responsibility on the part of the defendants for the plaintiff's condition was an answer to his case. However unfounded in law either or both of these propositions may be, it is sufficient for this case that they were not presented at the trial, and evidence as to the fact either way was immaterial and properly excluded.

*Exception overruled.*

PEASLEE, J., did not sit: the others concurred.